**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PATRICIA ANGELATOS,           :
                                           :

            Plaintiff          :     CIVIL ACTION NO.

                                           :

vs                                       :

                                         :

US FOODS SERVICE, INC.,       :

BEVACO DIVISION,              :

                                         :

            Defendant     : JURY TRIAL DEMANDED

_____

**COMPLAINT**

**I. INTRODUCTION**

1.     This is a proceeding for damages to redress the deprivation of rights of the Plaintiff arising out of her employment relationship with the Defendant.

**II.  JURISDICTION**

2.     The jurisdiction of this court over this controversy is based upon the following:

       a.     the courts jurisdiction conferred by 28 U.S.C. Section 1337 to enforce the provisions of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, et. seq, the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621, et  seq and Title VII of the

            Civil Rights Act of 1964, 42 U.S.C. Section 2000 e, et seq;

       b.     the courts pendant jurisdiction pursuant to 28 U.S.C. Section 1367 to redress the unlawful and tortious conduct in violation of Pennsylvania Human Relations Act, 43 P.S. Section 952, et sec. and other state law claims;

## III. VENUE

3.      The Venue of this court over the controversy is based upon the following:

      a.      The unlawful Employment practices alleged below were committed within the State of Pennsylvania. Venue lies in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. Section 1391 (b) as Defendant is based in this district.

      b.      Plaintiff avers that the Defendant, U.S. Food Service, Inc., Bevaco, is Division, a Pennsylvania Corporation doing business in this judicial district within the meaning U.S.C. Section 1391 (c)

## IV. PARTIES

4.      The Plaintiff, Patricia Angelatos, was a female employee of the Defendant. She was born March 21, 1956, and is 48 years old. At all times relevant to the allegations herein, Plaintiff was a citizen of the United States and a resident of Pennsylvania. Plaintiff was employed as a Territory Manager for the Defendant, U.S. Food Service, Inc., Bevaco Division.

5.      Defendant, U.S. Food Service, Inc., Bevaco Division, is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. Defendant, U.S. Food Service, Inc., Bevaco Division, transacts business and performs services in the eastern portion of the United States and at all times relevant to this civil action, Defendant, U.S. Food Service, Inc., Bevaco Division, was the employer or the former employer of the Plaintiff.

6.      Defendant, U.S. Food Service, Inc., Bevaco Division, is engaged in an industry affecting commerce and it is averred on information and belief that it employed more than 100 people at all times relevant to this action. Defendant is an employer within the meaning of the

2

applicable provisions of the Americans with Disabilities Act, Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act.

## V.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Prior to the filing of this Civil Action, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission.

8.      The Pennsylvania Human Relations Commission is a referral agency designated by the  Equal Employment Opportunity Commission and pursuant to a work sharing agreement responsible for conducting an investigation to the complaints of discrimination made by Plaintiff against the Defendant.

9.      The Pennsylvania Human Relations Commission closed its investigation of this matter on September 11, 2002.

## VI.  STATEMENT OF FACTS

10.     The Plaintiff, Patricia Angelatos, was hired as a Territory Manager by U.S. Food Service, Inc., Bevaco Division.

11.     On March 4, 1997, the Plaintiff was hired to undertake various responsibilities, including the development of a new sales territory for the Defendant in the Pocono Region of the Commonwealth of Pennsylvania and the northern area of the State of New Jersey.

12.     U.S. Food Service, Inc., Bevaco Division, is a food service corporation doing business in the eastern portion of the United States, including services for retail grocery stores and

3

institutional food services.

13.     The Plaintiff, as a Territory Manager of U.S. Food Service, Bevaco Division, came to the Defendant, with experience in food service sales and related facets of food sales and marketing.

14.     The Plaintiff was hired on or about March 4, 1997, by  Defendant.  At the time of her hire and throughout her tenure with the Defendant, Plaintiff was asked to undertake the development of a new sales territory for Defendant in the Pocono Region in the Commonwealth of Pennsylvania and the northern area of the State of New Jersey.

16.     The Plaintiff continued to develop a new territory from the  date of her hire through June 5, 1997.

17.     On June 5, 1997, the Plaintiff was injured while working for the Defendant when she slipped and fell at the Mr. Z's Market in Tobyhanna, Pennsylvania, resulting in a period of total disability from June 5, 1997, through September 2, 1997.  Plaintiff was awarded workers compensation benefits under the Pennsylvania Workers' Compensation Act.

18.     Plaintiff received workers compensation benefits until she was released for limited duty work on September 2, 1997, she was limited in the scope of her physical activities as the result of the injuries incurred on June 5, 1997, in the course of her employment with Defendant.  Plaintiff's limitations were the direct result of her work-related injury and her physician limited her capacity for work..  The Defendant refused to accommodate Plaintiff's employment restrictions.

19.     Plaintiff reported for work on September 2, 1997, with a weight restriction of

4

lifting no more than 25 lbs.  She was advised by Defendants representative that there  was no work available for her when she reported for duty on September 2, 1997.  She was further advised that her territory had been eliminated, however, Plaintiff avers that her territory was assigned to Mike Lazo, a male employee of Defendant, who was approximately thirty years of age at the time of the Plaintiff's discharge.

20.    In  June of 1997, the Plaintiff did make an attempt to work from her home as soon as she was able to perform employment.  Plaintiff avers that she developed twenty-one new accounts for the Defendant during the time of her employment with the Defendant as a Territory Manager.

21.    Throughout the time of Plaintiff's employment with Defendant, U.S. Food Service, Inc., Bevaco Division, her evaluations were favorable.  However, she was continuously subjected to harassment and discrimination of a sexual nature.

## VII. STATEMENT OF CLAIMS

### COUNT ONE

### THE AGE DISCRIMINATION IN EMPLOYMENT ACT

22.    Plaintiff incorporates the allegations of paragraphs 1 through 21 and in addition, avers that Defendant's conduct in this regard constitutes unlawful discrimination on account of her age and is in violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq.

### COUNT TWO

### THE AMERICANS WITH DISABILITIES ACT OF 1990

23.    Plaintiff incorporates the allegations of paragraphs 1 through 21 and in addition,

avers that the Defendant's conduct in this regard constitutes unlawful discrimination on account of being regarded as having an impairment and is in violation of the Americans With Disabilities Act., 42 U.S.C. Section 12101, et seq.

## COUNT THREE

## SEXUAL DISCRIMINATION/HARASSMENT

24.    The allegations of paragraph 1 through 21 and in addition, avers that the Defendant's conduct in this regard constitutes unlawful discrimination of the terms and conditions of her employment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. Section 2000e, et seq.

25.    The Defendant has discriminated against the Plaintiff causing the Plaintiff to suffer and continue to suffer irreparable injury and monetary damages as the result of Defendant's discriminatory practices unless and until this Court grants relief.

## COUNT FOUR

## PENNSYLVANIA HUMAN RELATIONS ACT

26.    The allegations of paragraphs 1 through 21 and in addition, avers that the Defendant's conduct in this regard constitutes unlawful discrimination of account of her age and perceived impairment in violation of the Pennsylvania Human Relations Act, 42 P.S. Section 952, et seq justifying an award of back pay, front pay, benefits, compensatory, consequential, liquidated and punitive damages.

27.     Defendant's conduct has denied and will continue to deny Plaintiff's Civil Rights guaranteed by the Pennsylvania Human Relations Act.

28.     Defendant's actions of discrimination were and continue to be intentional.

29.     Defendant engaged in these discriminatory practices with malice and/or reckless indifference to Plaintiff's fully protected rights.

30.     As the result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered and will continue to suffer loss of income, extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of her personal life and loss of the enjoyment of the ordinary pleasures of everyday life.

31.     Defendant engaged in these discriminatory actions with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

## COUNT FIVE

## RETALIATION FOR WORKERS' COMPENSATION CLAIM

32.     Plaintiff incorporates the allegations of paragraphs 1 through 21 and in addition, avers that Defendant's conduct in this regard constitutes conduct which amounted to a deliberate attempt to retaliate against the Plaintiff for her filing of a Workers' Compensation Claim in violation of her rights under Pennsylvania law.

## COUNT SIX

## WRONGFUL TERMINATION

33.     Plaintiff incorporates the allegations of paragraphs 1 through 21 and in addition, avers

that the Defendant's conduct in this regard constitutes a wrongful termination and a violation of the Plaintiff's contractural right as implied in law and fact.

34.    Plaintiff further avers that she was terminated because of her exercise of right to secure worker's compensation benefits under the Pennsylvania Workers' Compensation Act.

## COUNT SEVEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35.    Plaintiff incorporates the allegations of paragraphs 1 through 21 and in addition, avers that the Defendant's conduct in this regard  constitutes a wrongful discharge and a violation of the Plaintiff's contractual rights as implied in law and fact.

36.    As a direct and proximate result of the Defendants' conduct in terminating her while limited in her physical capacity to work, plaintiff has suffered and will continue to suffer extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment and disruption of her personal life, loss of the enjoyment of ordinary pleasures of everyday life.

37.    Plaintiff's injuries are a result of the intentional infliction of emotional distress opposed upon her by her termination while a patient in the hospital.

38.    The Defendant's discriminatory and retaliatory treatment of the Plaintiff amounted to extreme and outrageous conduct.

39.    As a direct and proximate result of the defendants' intentional and or reckless conduct, Plaintiff has suffered and will continue to suffer extreme mental anguish, severe anxiety,

personal humiliation, painful embarrassment, disruption of her personal life and loss of the enjoyment of the ordinary pleasures of everyday life constituting an intentional infliction of emotional distress and harm.

## VIII.   PRAYER FOR RELIEF

40.   Plaintiff prays for judgment in her favor and against the Defendant, U.S. Food Service, Inc.,Bevaco Division, and prays that the following relief be awarded to the Plaintiff:

a.    for compensatory damages to the Plaintiff including backpay plus interest, pension rights, fringe benefits and front pay;

b.    all available compensatory and consequential damages;

c.    reasonable attorney's fees and costs;

d.    punitive damages to the Plaintiff;

e.    grant such other relief as the court deems just and proper under the circumstances.

## IX.  JURY DEMAND

41.    Plaintiff demands Trial by jury on all counts.

Respectfully submitted,

**JOHNSTON &  JOHNSTON**

 **/s/Ralph J. Johnston Jr.      
Ralph J. Johnston, Jr.
Attorney for the Plaintiff
250 Pierce Street Suite 308**

9

**Kingston, Pennsylvania 18704**
**(717-288-7101)**
**I.D. #24720 (PA)**