IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA ANGELATOS, | : | |
| | : | |
| Plaintiff | : | #4: CV-04-2033 |
| | : | |
| vs. | : | (Judge John E. Jones, III) |
| | : | |
| US FOODS SERVICE, INC., | : | |
| BEVACO DIVISION, | : | (Judge Malachy E. Mannion) |
| | : | |
| Defendant | : | |

_____

**BRIEF IN SUPPORT OF PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

AND NOW COMES Defendant, U.S. Foods Service, Inc., Bevaco Division ("USFS"), by and through its counsel, Babst, Calland, Clements & Zomnir, P.C., and hereby moves this Court to dismiss Counts Five, Six and Seven of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, U.S. Foods submits the following Brief in Support of Partial Motion to Dismiss Plaintiff's Complaint ("Brief in Support").

**I.     Introduction & Procedural History**

On or about September 15, 2004, Plaintiff filed her Complaint against USFS alleging claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626 et. seq. (Count One); the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et. seq. (Count Two); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq. (Count Three); the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951 et. seq. (Count Four); a Workers' Compensation retaliation claim (Count Five); a wrongful termination claim (Count Six); and an intentional infliction of emotional distress claim (Count Seven).

This Court should dismiss Counts Five, Six, and Seven of Plaintiff's Complaint on several grounds. First, all of the Counts are barred by the applicable statute of limitations period (two years).[1] Second, Count Seven (Intentional Infliction of Emotional Distress) is also barred by the Pennsylvania Workers' Compensation Act, 77 Pa.C.S. § 101 et. seq., as it does not state a claim upon which relief can be granted. Further, Count Seven is preempted by Plaintiff's PHRA claim. Accordingly, the claims should be dismissed with prejudice.

    a.    <u>Statement of Questions Involved</u>

The issues present here are: whether Counts Five, Six, and Seven of Plaintiff's Complaint are barred by the applicable statute of limitations; whether Count Seven of Plaintiff's Complaint is barred by the Workers' Compensation Act; whether Count Seven states a claim upon which relief may be granted; and whether Count Seven is preempted by the PHRA.

## **ARGUMENT**

**II.**    **Motion to Dismiss Standard**

The Court must dismiss a complaint for failure to state a claim upon which relief can be granted if, "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." <u>Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc.</u>, 140 F.3d 478, 483 (3d Cir. 1998). In conducting this analysis, the Court may ignore "bald assertions," "legal conclusions," and "unsupported conclusions." <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 485 n. 12 (3d Cir. 2000) (dismissing a complaint based on conclusory allegations).

---

[1] Although a statute of limitations defense is not normally considered in the context of a motion to dismiss, an exception is made when a complaint is facially noncompliant with the limitations period and the defense clearly appears on the face of the pleading. <u>Chatterjee v. School District of Phil.</u>, 170 F. Supp. 509, 519 (E.D. Pa. 2001).

**III.     Counts Five, Six, and Seven of Plaintiff's Complaint are Barred By the Statute of Limitations**.

The statute of limitations for claims of retaliation for filing a workers' compensation claim, wrongful discharge, and intentional infliction of emotional distress is two years. Kuhn v. Oehme Carrier Corp., 255 F. Supp.2d 458 (E.D. Pa. 2003); Chatterjee v. School District of Phil., 170 F. Supp. 509 (E.D. Pa. 2001)(claim for intentional infliction of emotional distress is subject to two-year limitations period; 42 Pa.C.S. § 5524.  In all three cases, the limitations period begins to run on the date the cause of action accrues. 42 Pa.C.S. § 5502(a).  The causes of action accrue as of the date the employee knows or has reason to know of the injury which is the basis of the action. Kuhn, 255 F. Supp.2d at 467; See also Chatterjee, 170 F. Supp. at 519-520.

Here, Plaintiff alleges that USFS terminated her employment on September 2, 1997. Complaint, ¶ 19 (Emphasis Added).  Plaintiff was aware of the termination on the same date. Thus, the last day on which her causes of action set forth above could have accrued was September 2, 1997.

Plaintiff's allegations are all based solely on USFS' termination of Plaintiff's employment on September 2, 1997.  For instance, Plaintiff's retaliation claim is based on her allegation that USFS deliberately attempted to retaliate against her for filing a workers compensation claim by terminating her employment. Complaint, ¶ 32.  In addition, Plaintiff's wrongful termination claim is based on her wrongful termination in violation of her "contractual right as implied in law and fact." Complaint, ¶¶ 33-34.  Finally, Plaintiff's intentional infliction of emotional distress claim is based on USFS' "conduct in terminating her while limited in her physical capacity to work…" Complaint, ¶ 36.  Thus, the alleged termination is the basis of all of the claims.  Plaintiff had until September 2, 1999 to file suit based on these causes of action.

3

Kuhn, 255 F. Supp.2d at 467.  By filing her Complaint on September 15, 2004, Plaintiff missed the limitations deadline as to Counts Five, Six, and Seven by more than five years.[2]

Accordingly, because Counts Five, Six, and Seven of Plaintiff's Complaint were facially filed outside the limitations period, the claims should be dismissed with prejudice.

**IV.  Count Seven of Plaintiff's Complaint is Barred By the Pennsylvania Workers' Compensation Act, The Complaint Does Not State a Claim Upon Which Relief Can Be Granted For Intentional Infliction of Emotional Distress, and Count Seven is Preempted .**

a.    Workers' Compensation Bar

Count Seven of Plaintiff's Complaint is based on her claim that USFS' conduct "in terminating her while limited in her physical capacity work" caused Plaintiff to suffer "extreme mental anguish, sever anxiety, personal humiliation, painful embarrassment and disruption of her personal life, loss of the enjoyment of ordinary pleasures of everyday life."  Complaint, ¶ 36. Plaintiff's Complaint also alleges that USFS' discriminatory and retaliatory "treatment of the Plaintiff amounted to extreme and outrageous conduct."  Complaint, ¶ 38.

Count Seven should be dismissed because the claim is barred by the exclusivity provisions of the Pennsylvania Workers Compensation Act, 77 Pa.C.S. § 1 et. seq. ("Act").  The Act provides that the "liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes…in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108."  77 Pa.C.S. § 481(a); McInerney v. Moyer Lumber and Hardware, Inc., 244 F. Supp.2d 393 (E.D. Pa. 2002).

---

[2] Plaintiff cannot assert that the pending Pennsylvania Human Relations Commission charge tolled the limitations period because the vast majority of the courts, including district courts in this Circuit, addressing the issue have concluded that state law claims are not tolled by the pendency of administrative charges. Lamb-Bowman v. Delaware State Univ., 1999 WL 1250889 (D. Del. 1999)(state wrongful discharge claim "was not subject to tolling during the pendency of her EEOC administrative claim"); See also Stordeur v. Computer Associates International,

Although there is a limited exception to the general bar, known as the "personal animus" or "third party attack" exception, this exception does not apply to Plaintiff's tort claims. The limited exception permits employee tort claims against employers where the injuries were "caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against him as an employee or because of his employment." McInerney, 244 F. Supp.2d at 400 citing Durham Life Ins. Co. v. Evans, 166 F.3d 139, 160 (3rd Cir. 1999)(collecting cases)("Judge Buckwalter concluded that the personal animus exception was probably inapplicable where the alleged discrimination occurred only at the workplace, and included work-related reprimands, suspensions, criticisms, and requiring plaintiff to park other than where she desired"). The guiding principle in this context is "whether the attack was motivated by personal reasons, as opposed to generalized contempt or hatred, and was not sufficiently unrelated to the work situation so as not to arise out of the employment relationship." McInerney, 244 F. Supp.2d at 400.

In McInerney, the plaintiff alleged an intentional infliction of emotional distress claim against her defendant employer, the CEO, and various managers based on alleged harassment because of an alleged disability. McInerney, 244 F. Supp.2d at 401. The court in McInerney rejected the plaintiff's claim based on the workers' compensation bar because the plaintiff did not allege any personal animus motivation nor did "the allegations suggest that Defendants' conduct was directed at her outside of the work context." Id. at 401.[3] In rejecting the plaintiff's

---

Inc., 995 F. Supp. 94 (E.D. N.Y. 1998)("weight of authority, however, does not allow the state claims to be tolled during the pendency of the EEOC claim")(collecting cases).

[3] The plaintiff's allegations included the following: (1) defendants refused to permit her to park close enough to the work premises; (2) defendants impeded her ability to access her belongings and other items at work; (3) denied her access to company profit sharing or 401k information; (4) falsely advised individuals that called her at work that she was unavailable; (5) failed to provide messages when she missed phone calls at work; (5) failed to advise her of the manner in which employee discounts were being calculated; (6) compelled her to "beg" for her paycheck in a demeaning fashion; (7) assigned her to inventory and stock assignments that were not part of her essential duties at work; (8) and made disparaging comments about her disabilities at lunch. Id. at 401.

claim, the court reasoned that all of the "allegations consist of bad behavior that are all related to workplace issues such as parking, discourtesy, interoffice communications, and work assignments." Id. ("cases where a court found the exception applies usually involve sexual harassment, an element not present in the instant matter"); See also Lawton v. Sunoco, Inc., 2002 WL 1585582 at *11 (E.D. Pa. 2002)("personal animus exception requires 'conduct that is not normally expected to be present in the workplace'"). The Plaintiff's allegations do not fit within the person animus exception.

Accordingly, Count Seven is barred by the workers' compensation bar and should be dismissed.

      b.      Failure to State a Claim Upon Which Relief Can Be Granted

In order to establish a prima facie case of intentional infliction of emotional distress, the plaintiff must allege conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." McGovern v. Jack's D. Inc., 2004 WL 228667 at *7 (E.D. Pa. 2004) citing Hay v. Angelone, 720 A.2d 745 (Pa. 1998). Courts are "extremely reluctant to allow intentional infliction of emotional distress as a basis for recovery." McGovern, 2004 WL 228667 at *7 ("sexual harassment alone does not generally rise to the level of outrageously necessary to constitute intentional infliction of emotional distress").

Here, Plaintiff does not allege any extreme and outrageous conduct on the part of USFS beyond conclusory allegations. Plaintiff merely alleges that "Defendant's discriminatory and retaliatory treatment of the Plaintiff amounted to extreme and outrageous conduct." Complaint, ¶ 38. Moreover, Plaintiff alleges that USFS' "conduct in terminating her while limited in her physical capacity to work" serves as the basis for her intentional infliction claim. Complaint, ¶

6

36. Thus, Plaintiff does not set forth any allegations other than the fact that USFS discriminated and retaliated against her in terminating her employment. Even assuming the truthfulness of all of Plaintiff's allegations, the Complaint fails to state any basis for the claim of intentional infliction of emotional distress. Therefore, Count Seven should be dismissed.

    c.    <u>PHRA Preemption</u>

Count Seven should also be dismissed because such a tort claim is preempted by the exclusive remedies provided by the PHRA. In <u>McGovern</u>, 2004 WL 632703, (E.D. Pa. 2004), the court held that where there is a statutory remedy available to a plaintiff, a tort-based claim cannot be made to redress the same injury. <u>McGovern</u>, 2004 WL at *2; See also <u>Wolk v. Saks Fifth Avenue, Inc.</u>, 728 F.2d 221 (3rd Cir. 1984). The court in <u>McGovern</u> dismissed the plaintiff's negligence claim because the plaintiff could not "allege a set of facts independent of her sexual harassment claim," and therefore, the PHRA preempted the claim because a remedy was already provided for sexual harassment of employees under the Act. <u>Id</u>. at *1-2.[4]

Here, Plaintiff's Complaint, as set forth above, does not aver any facts beyond the facts upon which she bases her ADA, ADEA, Title VII, and PHRA claims that would demonstrate her tort-based claims are unique and distinct from the statutory claims. For instance, Plaintiff's tort claim here is based upon the identical allegations, including the following: USFS' "conduct in terminating her while limited in her physical capacity to work; " (Paragraph 36); Plaintiff's termination "while a patient in the hospital"; Complaint, ¶ 37; and USFS' "discriminatory and retaliatory treatment of the Plaintiff"; Complaint, ¶ 38. Thus, Plaintiff's tort claim in Count Seven is based entirely on the same set of facts as her statutory claims.

---

[4] The court also dismissed the plaintiff's claim for intentional infliction of emotion distress, in part, because "it is preempted by the Pennsylvania Workers' Compensation Act." <u>McGovern</u>, 2004 WL at *3 ("WCA provides the exclusive remedy for injuries incurred during employment").

Accordingly, Count Seven is preempted by Plaintiff's PHRA claim and should be dismissed.

WHEREFORE, Defendant, U.S. Foods, respectfully requests that this Court dismiss Counts Five, Six, and Seven of Plaintiff's Complaint with prejudice.

Respectfully submitted,

By: /s/ Amy H. Marshall
Amy H. Marshall, Esq.
Pa. Id. No. 74852
Matthew H. Smith, Esq.
Pa. Id. No. 84277

101 Innovation Boulevard
Suite 206
State College, PA  16803
(814) 867-8055

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing Brief in Support of Partial Motion to Dismiss Plaintiff's Complaint has been provided by U.S. First-Class Mail, and e-mail, postage prepaid, this __12th__ day of January, 2005 to the Clerk for the United States District Court, Middle District of Pennsylvania and the following:

Ralph J. Johnston, Jr.
250 Pierce Street, Suite 308
Kingston, PA  18704

/s/ Amy H. Marshall